# Geddis *v.* Samsel, Appellant.

*Negligence—Animals—Death of mule—Contributory negligence.*

In an action of trespass to recover damages for the loss of a mule by drowning in a canal, in a collision with another team going in an opposite direction, the plaintiff cannot be charged with contributory negligence as a matter of law because he permitted his team of three mules to be driven at night on the towpath by a boy thirteen years of age of slight build. In such a case where the evidence is conflicting as to the contributory negligence of the boy the case is for the jury.

Argued Nov. 23, 1910. Appeal, No. 147, Oct. T., 1910, by defendant, from judgment of C. P. Bucks Co., Dec. T., 1909, No. 11, on verdict for plaintiff in case of Howard Geddis v. Jordan F. Samsel. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Trespass to recover the value of a mule. Before Stout, P. J.

The opinion of the Superior Court states the case.

The defendant presented the following point:

The plaintiff having suffered a boy of thirteen of slight physical build to drive his team of three mules upon and along the towpath after dark, it being the duty of said team under the custom or rule prevailing among boatmen upon said canal to turn to the left and stop when it met boats and teams coming from the opposite direction to enable such teams to pass, and the accident happened in consequence of plaintiff's team's failure to turn to the left and stop, the plaintiff was guilty of contributory negligence in intrusting his team to a child of such years and strength, under the circumstances, and cannot recover. *Answer:* Refused. [1]

Verdict and judgment for plaintiff for $138. Defendant appealed.

*Errors assigned* were (1) answer to point as above, quoting it; (2) refusal of binding instructions for defendant.

*Wm. C. Ryan,* with him *J. Kirk Leatherman,* for appellant.

*W. Grim,* of *Grim & Grim,* for appellee.

PER CURIAM, March 3, 1911:

The appellant contends that the plaintiff was guilty of contributory negligence in intrusting the direction and control of his team of three mules on a dark night to a boy thirteen years of age and of slight build, who, when the emergency arose which resulted in the drowning of one of the plaintiff's mules, was unable to control the team and discharge the duty which was then and there chargeable to the plaintiff; that this contributed to, if it was not wholly the cause of the accident, and that therefore the plaintiff was not entitled to recover. If all the facts stated in this proposition were admitted or undisputed it may be conceded that the court ought to have affirmed the defendant's points for binding instructions. But they were not all undisputed, and we cannot agree that the mere fact that the driver of the plaintiff's mules was but thirteen years of age was sufficient, standing alone, to warrant the court in declaring, as matter of law, that the plaintiff was guilty of negligence which contributed to the accident. There was a conflict of evidence as to some of the other material facts, which is clearly and fairly set forth in the following portion of the judge's charge: "As said before, the negligence of the defendant consists in letting his mules go upon the towpath unattended or without a driver. The alleged contributory negligence under which the plaintiff seeks to avoid liability in this case consists in the fact that the boy left in charge or put in charge of the three mules was but thirteen years old, and of slight build, and as the defendant alleges he did not stop his mules. On the other hand, the plaintiff claims and argues to you that there is evidence in this case from which you can find that he did stop the mules. If you believe the testimony of Mr. Geddis, who

claims to have seen what transpired upon the bank when those mules came together, as well as the little boy who was in charge, the rule of the canal of mules to the left and boats to the right was strictly observed so far as they were concerned. The boy states that he took his mules when they came together and led them to the very edge of the towpath away from the water, giving the road or that part of the towpath which the up-going mules were entitled to, to them; but when they came up, instead of the mules taking the inside or the water side of the towpath as they should have done, turned to the right and got down beyond the edge of the towpath in order to get around them; that he stopped his mules as he claims, and attempted to stop the other mules. Whether he actually took them by the head I do not recollect, but he did testify that he tried to stop the mules but could not, and that they persisted in going to the right and passed his mule in that way, and by doing so the towline of the up-going boat caught the mule under the neck, and as they went along and the boat drew up close to the mules it drew the mule over into the canal. Now the defendant claimed that this boy was too young and not of sufficient strength, and that he did not perform his duty. Now I do not see that as a matter of law the court can say that a boy of thirteen years of age is too young to drive mules on a canal. If that boy performed the duties that were incumbent upon him, I take it it makes no difference whether or not he was thirteen years old or twenty years old. It will be for you to determine under the facts as testified to whether or not he observed the rules of the traffic, that is, in keeping his mules to the left, boat to the right, and whether or not he stopped his mules about the time when the mules came together and the boats were being put in shape for passing. And if he performed all his duties that a driver of those mules should have done, I take it it makes no difference even if he was thirteen years old or of slight build. Whether or not he is an intelligent witness is for you to determine. You saw him on the stand, his physique and

his intelligence, and whether or not he would be a boy likely to be capable of performing such duties as were imposed upon him in that kind of work is for you.   If he in any way failed to perform what a mule driver under those circumstances ought to have done, and by such failure to perform such a duty he contributed to the accident that did occur, then of course the plaintiff cannot recover."   This is a fair presentation of the respective contentions of the parties under the evidence, and nothing further need be said in support of the conclusion that the question of contributory negligence could not have been withdrawn from the jury and decided by the court as matter of law.

The assignments of error are overruled and the judgment is affirmed.